# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

| | |
|---|---|
| **SHEPARD GREEN ET AL** | **CASE NO.  1:24-CV-00696** |
| **VERSUS** | **JUDGE EDWARDS** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE CO ET AL** | **MAG. JUDGE PEREZ-MONTES** |

## MEMORANDUM RULING

The Report and Recommendation ("R&R") issued by the Magistrate Judge recommends this suit be remanded to state court.[1] The defendants, Casten & Pearce, APLC and State Farm Mutual Automobile Insurance Company (collectively "Defendants") object to the R&R.[2] Plaintiffs, Crystal Harrison ("Harrison"), Shepherd Green and Latora Green (collectively "Plaintiffs") responded to the Defendants' objection.[3] The Court has reviewed the record *de novo* and will note its particular review of *Rodriguez v. Casa Chapa S.A. de C.V.*, 394 F. Supp. 2d 901 (W.D. Tex. 2005) and *Barber Bros. Contracting Company, LLC v. Capitol City Produce Company, LLC, 23-788* (La. 12/19/24), 397 So.3d 404.

Defendants rely on *Rodriguez* to support their assertion that the Magistrate Judge failed to conduct a summary inquiry into jurisdictional fraud – that is, whether Harrison is a sham plaintiff added only to defeat federal jurisdiction. The Court notes that unlike the plaintiffs in *Rodriguez,* Defendants' assertions of fraud actually relate

---

[1] Doc. 33.
[2] Docs. 34 and 35.
[3] Doc. 36.

to Plaintiffs' motives to collect money from Defendants through Harrison's claims, not to defeat jurisdiction.[4] The Court is guided by *Smallwood v. Illinois Central,* 385 F.3d 568, 573-574 (5th Cir. 2004) ("we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant.") The Magistrate Judge found that Harrison, an in-state plaintiff, stated a plausible claim against Casten & Pearce, an in-state defendant.[5] A summary inquiry into the motives behind that claim is inappropriate.

Defendants assert that *Barber Bros.,* rendered by the Louisiana Supreme Court after the R&R was issued, "implicitly rejected the notion that prior decisions operate as a damages cap on future decisions."[6] The Court finds that *Barber Bros.* supports the consideration of prior awards as a factor in determining whether a damage award is excessive. *Barber Bros.* does not alter the analysis presented in the R&R that the damage awards against Harrison "may have been excessive,"[7] particularly given that the damage awards against Harrison exceed the awards in *Barber Bros.*

The Court finds that the reasoning supporting the recommendation of the Magistrate Judge is sound and adopts it as its own. This suit does not satisfy the

---

[4] "It is clear that the only reason Harrison has now been joined as a party plaintiff in this second lawsuit is the attempt by the Greens to side-step the public prohibition against assignment of legal malpractice claims." (Doc. 35-1 at 13.)

[5] (Doc. 33 at 11, fn. 7).

[6] (Doc. 35-1 at 9).

[7] (Doc. 33 at 15).

requirements for diversity jurisdiction. Accordingly, Plaintiffs' Motions to Remand (Doc. 18 and Doc. 20) are **GRANTED,** and this matter is hereby remanded to the Tenth Judicial District Court for the Parish of Natchitoches, State of Louisiana, whence it was removed. A judgment consistent with this Ruling will be issued forthwith.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this the 19th day of March, 2025.

JERRY EDWARDS, JR.
UNITED STATES DISTRICT JUDGE